IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOLORES-ROSE DAUENHAUER, and )<br>HELEN E. CHAMBERLAIN, )<br>　　　　　　　　　　　　　　　　　　)<br>　　Plaintiffs　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>THE BANK OF NEW YORK MELLON )<br>FKA THE BANK OF NEW YORK, AS )<br>TRUSTEE FOR THE CERTIFICATE- )<br>HOLDERS, CWALT, INC., ALTERNA- )<br>TIVE LOAN TRUST 2007-12T1 MORT- )<br>GAGE PASS THROUGH CERTIFI- )<br>CATES, SERIES 2007-12T1; BANK OF )<br>AMERICA, NATIONAL )<br>ASSOCIATION; MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEMS, INC., (MERS) and its )<br>Parent company MERSCORP, INC.; )<br>RECONTRUST COMPANY, N.A.; as )<br>Alleged SUCCESSOR TRUSTEE; and )<br>JOHN AND JANE DOES 1-100 as )<br>Unknown Claimants in interest in )<br> 514 NEILWOOD DRIVE, NASHVILLE, )<br>　TN 37205;　　　　　　　　　　　　) | CASE NO. 3:12-cv-01026<br>JURY DEMAND |

## MEMORANDUM IN SUPPORT OF MOTION TO REALIGN THE PARTIES

Although the Defendants have been named as Defendants in this case, it is evident that the Defendants are seeking affirmative relief through a wrongful foreclosure. It has long been held that "[i]t is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 690 (1941) (quoting *Dawson v. Columbia*

*Trust Co.*, 197 U.S. 178, 180). In other words, "[c]ourts may realign parties, according to their ultimate interests." *Smith v. Salish Kootenai College*, 434 F.3d 1127, 1133 (9th Cir. 2006).

In the present case, the ultimate interest of the Defendants is to seek affirmative relief through a foreclosure and therefore their interests are synonymous with that of a Plaintiff. It is the Defendant who must demonstrate that they have an actionable loss or are entitled to damages which would give them the right to foreclose upon Plaintiffs' equity of redemption. The burden of proof is on the entity seeking affirmative relief and therefore in the present case the Defendants should be named as Plaintiffs and bear the burden of proof. The burden of proof should not be on the Plaintiffs to prove that the Defendants do not have the right, title and/or interest in Plaintiffs' property when all of the documents necessary to establish Defendants right, title and/or interest are in the custody and control of the Defendants. Realignment of the parties will shift the burden of proof to the Defendants to show that they have the right to foreclose upon Plaintiffs' equity of redemption which is in accord with the Defendants ultimate interest.

The federal courts have employed two different tests in determining the propriety of realignment; the Sixth Circuit has employed what has been labeled the "primary purpose test." *Larios v. Perdue*, 306 F.Supp. 2d 1190, 1195 (N.D. Ga. 2003) (citing *United States Fid. & Guar. Co. v. A & S Mfg. Co., Inc.*, 48 F.3d 131, 132-33 (4th Cir. 1995). Under the primary purpose test "'if the interests of a party named as a defendant coincide with those of the plaintiff in relation to the [primary] purpose of the lawsuit, the named defendant must be realigned as a plaintiff…'" *United States Fid. And Guar. Co.*

v. *Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)(citing *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987)). "The propriety of alignment is a matter not to be determined by mechanical rules, but by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *American Motorists Ins. Co.*, 657 F.2d at 149. The Defendants should be realigned as Plaintiffs so that the Plaintiffs can defend against the affirmative relief sought by the Defendants, that being the sale of Plaintiffs' home pursuant to the power of sale contained in Plaintiffs' deed of trust. The Defendants must be required to have the burden of proof to plead and prove their case for foreclosure upon Plaintiffs' equity of redemption. The lawsuit brought by Plaintiffs is a defensive more to prevent foreclosure and therefore the burden of proof must lie with the Defendants.

"… federal courts are required to realign the parties in an action to reflect their interests in the litigation." *Vestavia Hills v. General Fidelity Insurance Company*, ____ F.3d ____, No. 11-13091, 2012 WL 1232110 (11th Cir. Apr. 13, 2012). The District Court is required to determine the principle purpose of the suit and the primary and controlling matter in dispute and align the parties accordingly.

It is the "duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute," *Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 16 n.5, 110 S.Ct. 297, 302 n.5, 107 L.Ed.2d 223 (1989) (citations and quotations omitted), as determined by "the principal purpose of the suit" and "the primary and controlling matter in dispute," *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941).

In the present case the principal purpose of the lawsuit was to prevent Defendants from exercising the power of sale in the deed of trust. The Plaintiffs brought this lawsuit to stop the foreclosure of their equity of redemption but it is the Defendants that are seeking affirmative relief through a wrongful foreclosure.

For the above stated reasons, the Court must look past the form of the Complaint and recognize that the Defendants should be realigned as Plaintiffs in this case based on the primary purpose of the Complaint.

>Respectfully submitted,
>
>/s/Carol A. Molloy
>Carol A. Molloy, BPR#024915
>Attorney for Plaintiffs
>6724 Buford Station Road
>Lynnville, TN 38472
>(931) 527-3603 Phone
>(931) 527-0382 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2013, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following indicated on the electronic filling receipt.

Matthew Croplin, Esq.
Stites & Harbison PLLC
SunTrust Plaza
401 Commerce Street
Suite 800
Nashville, TN 37219

>/s/Carol A. Molloy
>Carol A. Molloy